## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | |
|---|---|
| CLIFFORD BRANDON, RAYMOND O'DONNELL and SCOTT NERGE, Individually and on behalf of those similarly situated,<br><br>    Plaintiff<br><br>v.<br><br>USIC LOCATING SERVICES, LLC, USIC, LLC, RECONN HOLDINGS, LLC, and PROTEK HOLDINGS, LLC,<br><br>    Defendants | Case No.<br><br>Class and Collective Action |

## ORIGINAL COMPLAINT

### SUMMARY

1.     USIC Locating Services, LLC, USIC, LLC, Reconn Holdings, LLC, and Protek Holdings, LLC (collectively, "USIC" or "Defendants") did not pay all overtime due to the hourly non-exempt field employees as required by the Fair Labor Standards Act (FLSA); Arizona Fair Wages and Healthy Families Act ("AFWHFA"); Arizona Employment Practices and Working Conditions Law, Title 23, Article 6.1 ("AEPWCL"), the Colorado Wage Act ("CWA"), C.R.S. 8-4-101, et seq., the Colorado Wage Protection Act of 2014 ("CWPA"), amending the Colorado Wage Act, § 8-4-101, including the Colorado Overtime and Minimum Pay Standards Order (COMPS Order) #36, 7 CCR 1103-1, the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), the Kentucky Prevailing Wage and Wage and Hour

("KPWWH") statutes, Kentucky Revised States, Ch. 337, §§ 337.015, et seq., and §§ 337.275, et seq., the Maryland Wage Payment and Collection Law, Md. Code Ann., Labor & Employment Article, § 3-501, *et seq.* ("MWPCL"), the Maryland Wage and Hour Law, Md. Code Ann., Labor & Employment Article, § 3-401, et seq. ("MWHL"), Massachusetts Minimum Fair Wage Law; the Massachusetts Weekly Payment of Wages Law; Massachusetts Minimum Wage Regulations ("Massachusetts Wage Acts"); Article 15, Section 16 of the Nevada Constitution; the Nevada Compensation, Wages and Hours Law, Title 53, Chapter 608 (together the "Nevada Wage Laws"); the New Jersey Labor and Workmen's Compensation Law, NJ Rev. Stat. Sec. 34:11-56a4 ("NJLWCL"), the New Mexico Minimum Wage Act ("NMMWA"), §§ 50-4-20, et seq.; Article 19 and Article 6 of the New York Labor Law ("NYLL"), the Ohio Minimum Fair Wage Standards Act ("OMFWS"), Ohio Revised Code, Title 41,§§ 4111.01 et seq., and §4113.15, the Oregon Rules Regulating Minimum Wage, Overtime, and Working Conditions, O.A.R. Chapter 839, Division 20; the Oregon Payment of Wages at Termination of Employment Regulation, O.A.R. Chapter 839, Division 1 (together, the "Oregon Wage Laws"); the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.102, et seq., the Washington Minimum Wage Act; Title 49, Chapter 49.48 of the Revised Code of Washington ("Washington Wage Laws") (collectively, the "State Law Claims").

2.    USIC would only allow Clifford Brandon (Brandon), Raymond O'Donnell (O'Donnell), and Scott Nerge (Nerge) (collectively, "Plaintiffs") to clock in and out when on a job site.

3.      USIC failed to pay Plaintiffs for the time they spent attending required project meetings, traveling to and from first and last job sites, lunch breaks, mapping out their route to complete inspections efficiently, reading and responding to work emails, making calls and working while traveling to job sites, loading and unloading their vehicles, and preparing reports at the end of their shift.

4.      USIC did not pay Plaintiffs or those similarly situated non-exempt field employees' overtime as required by the FLSA and State Law Claims.

5.      USIC excluded earnings from the regular rate to calculate overtime compensation, resulting in unpaid overtime compensation owed to Plaintiffs or those similarly situated.

6.      USIC failed to comply with wage notice and wage payment requirements as required by the State Law Claims.

7.      Plaintiffs bring this class action on behalf of themselves and other non-exempt field employees to recover unpaid overtime and other damages.

## JURISDICTION AND VENUE

8.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as to the State Law Claims.

10.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Parties agreed to venue in this District and Division.

11.    Further this case is related to *Nelson v. USIC Locating Services, LLC., et. al.*, No. 3:23-cv-00091, Doc. 1 (S.D.Tx. Mar. 20, 2023) pending in this District and Division.

## THE PARTIES

12.    Brandon was an hourly employee of USIC.

13.    USIC employed Brandon as a Utility Locator.

14.    Brandon worked for USIC in Colorado.

15.    Brandon's consent to be a party plaintiff is attached as **Exhibit A**.

16.    O'Donnell was an hourly employee of USIC.

17.    USIC employed O'Donnell as a Gas Leak Technician.

18.    O'Donnell worked for USIC from 2014 until 2020 throughout New York.

19.    O'Donnell's consent to be a party plaintiff is attached as **Exhibit B**.

20.    Nerge was an hourly employee of USIC.

21.    Nerge was a Utility Locator for USIC.

22.    Nerge worked for USIC from August 2020 until August 2021 throughout Illinois.

23.    Nerge's consent to be a party plaintiff is attached as **Exhibit C**.

24.    Plaintiffs bring this action on behalf of themselves and all other similarly situated non-exempt field employees of USIC who were not paid for time worked off the clock or paid all overtime compensation in Illinois, New York, Pennsylvania, New Jersey, New Mexico, Washington, Oregon, Maryland, Colorado, Kentucky, Ohio, Arizona, Nevada, and Massachusetts.

25.    USIC failed to pay them for all hours that they worked under 40 in a workweek

in accordance with the FLSA and State Law Claims.

26.     USIC failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA and State Law Claims.

27.     USIC improperly excluded earnings from the regular rate to calculate overtime compensation, resulting in unpaid overtime compensation owed to them.

28.     USIC failed to comply with wage notice and wage payment requirements as required by the State Law Claims.

29.     The class of similarly situated employees sought to be certified is defined as follows:

> **All non-exempt, field-based employees of USIC employed for at least four consecutive weeks based in: (1) Arizona, Colorado, Illinois, Kentucky, Maryland, Massachusetts, Nevada, New Jersey, New Mexico, New York, Ohio, Oregon, Pennsylvania, or Washington during the last three years. ("FLSA Class Members").**

30.     Plaintiffs seek certification of a class under FED. R. CIV. P. 23 to remedy USIC's violations of the State Law Claims.

31.     Plaintiffs further seek certification of a class under FED. R. CIV. P. 23 to remedy USIC's violations of the AFWHFA and AEPWCL.

32.     The class of similarly situated employees sought to be certified as a class action under the AFWHFA and AEPWCL is defined as:

> **All non-exempt, field-based employees of USIC employed for at least four consecutive weeks based in Arizona during the last three years. ("Arizona Class Members")**

33.     Brandon further seeks certification of a class under FED. R. CIV. P. 23 to remedy USIC's violations of the CWPA.

34.     The class of similarly situated employees sought to be certified as a class action under the CWPA is defined as:

> **All non-exempt, field-based employees of USIC employed for at least four consecutive weeks based in Colorado during the last three years. ("Colorado Class Members")**

35.     Plaintiffs further seek certification of a class under FED. R. CIV. P. 23 to remedy USIC's violations of the IWPCA and IMWL.

36.     The class of similarly situated employees sought to be certified as a class action under the IWPCA and IMWL is defined as:

> **All non-exempt, field-based employees of USIC employed for at least four consecutive weeks based in Illinois during the last ten years. ("Illinois Class Members").**

37.     Plaintiffs further seek certification of a class under FED. R. CIV. P. 23 to remedy USIC's violations of the KPWWH.

38.     The class of similarly situated employees sought to be certified as a class action under the KPWWH is defined as:

> **All non-exempt, field-based employees of USIC employed for at least four consecutive weeks based in Kentucky during the last three years. ("Kentucky Class Members")**

39.     Plaintiffs further seek certification of a class under FED. R. CIV. P. 23 to remedy USIC's violations of the MWHL and MWPCL.

40.     The class of similarly situated employees sought to be certified as a class action under the MWHL and MWPCL is defined as:

> **All non-exempt, field-based employees of USIC employed for at least four consecutive weeks based in Maryland during the last three years. ("Maryland Class Members")**

41.     Plaintiffs further seek certification of a class under FED. R. CIV. P. 23 to remedy USIC's violations of the Massachusetts Wage Acts.

42.     The class of similarly situated employees sought to be certified as a class action under the Massachusetts Wage Acts is defined as:

> **All non-exempt, field-based employees of USIC employed for at least four consecutive weeks based in Massachusetts during the last three years. ("Massachusetts Class Members")**

43.     Plaintiffs further seek certification of a class under FED. R. CIV. P. 23 to remedy USIC's violations of the Nevada Wage Laws.

44.     The class of similarly situated employees sought to be certified as a class action under the Nevada Wage Laws is defined as:

> **All non-exempt, field-based employees of USIC employed for at least four consecutive weeks based in Nevada during the last three years. ("Nevada Class Members")**

45.     Plaintiffs further seek certification of a class under FED. R. CIV. P. 23 to remedy USIC's violations of the NJLWCL.

46.     The class of similarly situated employees sought to be certified as a class action under the NJLWCL is defined as:

> **All non-exempt, field-based employees of USIC employed for at least four consecutive weeks based in New Jersey during the last three years. ("New Jersey Class Members")**

47.     Plaintiffs further seek certification of a class under FED. R. CIV. P. 23 to remedy USIC's violations of the NMMWA.

48.    The class of similarly situated employees sought to be certified as a class action under the NMMWA is defined as:

> **All non-exempt, field-based employees of USIC employed for at least four consecutive weeks based in New Mexico during the last three years. ("New Mexico Class Members")**

49.    Plaintiffs further seek certification of a class under FED. R. CIV. P. 23 to remedy USIC's violations of the NYLL.

50.    The class of similarly situated employees sought to be certified as a class action under the NYLL is defined as:

> **All non-exempt, field-based employees of USIC employed for at least four consecutive weeks based in New York during the last six years. ("New York Class Members")**

51.    Plaintiffs further seek certification of a class under FED. R. CIV. P. 23 to remedy USIC's violations of the OMFWS .

52.    The class of similarly situated employees sought to be certified as a class action under the OMFWS is defined as:

> **All non-exempt, field-based employees of USIC employed for at least four consecutive weeks based in Ohio during the last three years. ("Ohio Class Members")**

53.    Plaintiffs further seek certification of a class under FED. R. CIV. P. 23 to remedy USIC's violations of the  Oregon Wage Laws.

54.    The class of similarly situated employees sought to be certified as a class action under the Oregon Wage Laws is defined as:

> **All non-exempt, field-based employees of USIC employed for at least four consecutive weeks based in Oregon during the last three years. ("Oregon Class Members")**

55.   Plaintiffs further seek certification of a class under FED. R. CIV. P. 23 to remedy USIC's violations of the PMWA.

56.   The class of similarly situated employees sought to be certified as a class action under the PMWA is defined as:

> **All non-exempt, field-based employees of USIC employed for at least four consecutive weeks based in Pennsylvania during the last three years. ("Pennsylvania Class Members")**

57.   Plaintiffs further seek certification of a class under FED. R. CIV. P. 23 to remedy USIC's violations of the Washington Wage Laws.

58.   The class of similarly situated employees sought to be certified as a class action under the Washington Wage Laws is defined as:

> **All non-exempt, field-based employees of USIC employed for at least four consecutive weeks based in Washington during the last three years. ("Washington Class Members")**

59.   The FLSA, Arizona, Colorado, Illinois, Kentucky, Maryland, Massachusetts, Nevada, New Jersey, New Mexico, New York, Ohio, Pennsylvania, and Washington Class Members are collectively referred to as the "Putative Class Members".

60.   Plaintiffs do not seek to represent Putative Class Members working outside these states or do not have State Law Claims.

61.   USIC Locating Services, LLC is an Indiana corporation that operates throughout the United States. It may be served with process by serving its registered agent Jim Muhl at 9045 N. River Road, Suite 300, Indianapolis, Indiana, 46240.

62. USIC, LLC is a Delaware corporation that has operations in Indiana. It may be served with process by serving its registered agent C T Corporation System at 334 North Senate Avenue, Indianapolis, IN, 46204.

63. Reconn Holdings, LLC is a Delaware corporation that has operations in New York. It may be served with process by serving registered agent C T Corporation System at 28 Liberty Street, New York, NY 10005.

64. Protek Holdings, LLC is a Delaware corporation that has operations in New York. It may be served with process by serving registered agent C T Corporation System at 28 Liberty Street, New York, NY 10005.

## COVERAGE UNDER THE FLSA

65. At all relevant times, each Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

66. At all relevant times, each Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

67. At all relevant times, each Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce – including cell phones, computers, hard hats, oilfield equipment, and walkie talkies – by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000.00

68.     At all relevant times, Plaintiffs and the FLSA Class Members were engaged in commerce or in the production of goods for commerce.

69.     As will be shown through this litigation, USIC treated Plaintiffs and the FLSA Class Members as employees and uniformly dictated the pay practices Plaintiffs and its other employees were subjected to.

## THE FACTS

70.     USIC Locating Services, LLC is an Indiana corporation.

71.     USIC specializes in the locating utility services.

72.     Brandon worked for USIC in and around Denver, Colorado.

73.     Brandon was an hourly employee of USIC.

74.     Brandon worked for USIC from June 2018 until November 2020.

75.     Brandon earned around $22 per hour while working for USIC.

76.     Brandon worked as a Utility Locator.

77.     Brandon would locate underground network, gas, electrical and cable lines.

78.     Brandon regularly worked 60 hours per week.

79.     O'Donnell worked for USIC throughout upstate New York.

80.     O'Donnell was an hourly employee of USIC.

81.     O'Donnell earned around $20 per hour while working for USIC.

82.     O'Donnell worked as a Gas Leak Technician.

83.     O'Donnell worked for USIC from 2014 until 2020.

84.     O'Donnell regularly worked over 40 hours per week.

85.     O'Donnell would regularly work 40 to 65 hours per week.

86.    Nerge worked for USIC throughout Illinois.

87.    Nerge was an hourly employee of USIC.

88.    Nerge earned around $21.50 per hour while working for USIC.

89.    Nerge worked as a Utility Locator.

90.    Nerge worked for USIC from August 2020 until August 2021.

91.    Nerge regularly worked over 40 hours per week.

92.    Nerge would regularly work 50 to 70 hours per week.

93.    O'Donnell would locate and walk the gas main lines and use tools to identify any leaks.

94.    O'Donnell would classify leaks, inspect gas meters, and inspect basement gas meters.

95.    Nerge was responsible for locating, identifying, and marking underground utilities before the start of construction projects.

96.    Plaintiffs' job duties were routine and governed by USIC's policies and procedures.

97.    Plaintiffs and the Putative Class Members were not employed in any bona fide executive, administrative, or professional capacity.

98.    Plaintiffs and the Putative Class Members did not have the authority to hire, fire, and/or discipline any of USIC's employees.

99.    USIC did not pay Plaintiffs and the Putative Class Members one and one-half times their regular rates of pay for all hours worked, when they worked in excess of 40 hours in a work week.

100.    Plaintiffs' and the Putative Class Members' primary job duties did not require them to exercise discretion or independent judgment with respect to matters of significance.

101.    Indeed, Plaintiffs' and the Putative Class Members' job duties were formulaic and not highly specialized.

102.    Very little skill or initiative was required of Plaintiffs and the Putative Class Members to perform their job duties.

103.    Moreover, the job functions of Plaintiffs and the Putative Class Members were primarily manual labor/technical in nature, not requiring a college education or other advanced degree.

104.    Plaintiffs and the Putative Class Members did not have any supervisory or management duties.

105.    All of the Putative Class Members perform the same or similar job duties and are subjected to the same or similar off the clock policies and procedures which dictate the day-to-day activities performed by each person.

106.    The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal off the clock pay practice.

107.    Plaintiffs' job duties made them non-exempt from the FLSA and State Law Claims' overtime requirements.

108.    The Putative Class Members performed similar field utility locating services.

109.    The Putative Class Members job duties made them non-exempt from the State Law Claims' overtime requirements.

110.    The pay practice which Plaintiffs and the Putative Class Members were subjected to made them non-exempt under the State Law Claims' overtime requirements.

111.    USIC failed to include all earnings in the regular rate for purposes of calculating overtime compensation, resulting in unpaid overtime compensation owed to the Plaintiffs and Putative Class Members.

112.    USIC failed to issue all wage notices and pay wages in accordance with the state laws where the Plaintiffs and Putative Class Members are based.

113.    While USIC paid Plaintiffs at a time and a half rate for hours worked over 40 in a workweek, it failed to compensate Plaintiffs for all hours they worked.

114.    USIC required Plaintiffs and the Putative Class Members to clock in and out only when on a job site, even though they spent considerable time performing essential job duties away from the job site or "off the clock."

115.    For example, USIC would not pay Plaintiffs and the Putative Class Members for required project meetings.

116.    USIC would not pay Plaintiffs and the Putative Class Members for their time traveling to the first job site and after the last job site even though they were making work calls, planning routes, and using company computers.

117.    USIC required Plaintiffs and the Putative Class Members to clock out for lunch breaks even though they would often work through lunch.

118.    USIC would not pay Plaintiffs and the Putative Class Members in the morning when they would map out their daily route to complete USIC's required inspections efficiently and in order.

119.    USIC would not pay Plaintiffs and the Putative Class Members in the morning and evening when they would load and unload their company vehicles.

120.    O'Donnell and other Putative Class Members were required by USIC to complete reports at the end of their day. USIC required this even though O'Donnell was not on the job site and USIC expected him to be clocked out. O'Donnell spent considerable time in the evenings completing these reports as well as reading and responding to work emails off the clock.

121.    Thus, rather than receiving time and a half as required by the FLSA and State Law Claims, Plaintiffs and the Putative Class Members did not receive  compensation for all hours worked off the clock, including those over 40 in a workweek.

122.    The failure to compensate Plaintiffs and the Putative Class Members, who were non-exempt, overtime compensation violates the FLSA and State Law Claims.

123.    As an employer USIC is required to know about the FLSA and State Law Claims, and their overtime requirements.

124.    USIC did not review GPS data to determine if its Utility Locators or non-exempt field employees were required to work off the clock.

125.    USIC did perform any time studies or audits to determine if its Utility Locators or non-exempt field employees were required to work off the clock.

126.    USIC has been sued for this off the clock pay practice in the past.

127.    USIC nonetheless failed to pay Plaintiffs and the Putative Class Members overtime.

128.    USIC's failure to pay for all time, including overtime, to Plaintiffs was a willful violation of the FLSA and State Law Claims.

## FIRST CAUSE OF ACTION - FLSA VIOLATIONS

129.    Plaintiffs incorporate the preceding paragraphs by reference.

130.    USIC violated the FLSA by employing Plaintiffs and the FLSA Class Members, non-exempt employees, for workweeks longer than 40 hours without paying them overtime.

131.    USIC violated the FLSA by failing to include all earnings in the regular rate for purposes of calculating overtime compensation, resulting in unpaid overtime compensation.

132.    USIC knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to calculate and pay Plaintiffs and the FLSA Class Members overtime.

133.    USIC's failure to pay overtime to Plaintiffs and the FLSA Class Members was not reasonable, nor was the decision not to pay overtime made in good faith.

134.    Accordingly, Plaintiffs and the FLSA Class Members are entitled to overtime under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## SECOND CAUSE OF ACTION – ARIZONA VIOLATIONS

135.    Plaintiffs incorporate the preceding paragraphs by reference.

136.    The AFWHFA and AEPWCL require that workers employed in the state of Arizona be compensated for all hours worked in excess of 40 hours per week, at a rate not less than one and one-half (1 ½) times the usual hourly wage at which he/she is employed.

137.    USIC violated the AFWHFA and AEPWCL by failing to pay the Arizona Class Members at one and one-half times their usual rates of pay for hours they worked in Arizona in excess of 40 in any workweek.

138.    Accordingly, the Arizona Class Members are entitled to unpaid overtime wages, plus reasonable counsel fees and costs, and any other relief deemed appropriate by the Court.

### THIRD CAUSE OF ACTION – COLORADO VIOLATIONS

139.    Plaintiffs incorporate the preceding paragraphs by reference.

140.    The CWA and CWPA require that workers employed in the state of Colorado be compensated for all hours worked in excess of 40 hours per week, 12 hours per workday, and 12 consecutive hours at a rate not less than one and one-half (1 ½) times the usual hourly wage at which he is employed. 7 C.C.R. § 1103-1:4.

141.    USIC violated the CWA and CWPA by failing to pay Brandon and the Colorado Class Members at one and one-half times their usual rates of pay for hours they worked in Colorado in excess of 40 in any workweek and 12 hours in a workday.

142.    Accordingly, Brandon and the Colorado Class Members are entitled to unpaid overtime wages, plus reasonable counsel fees and costs, and any other relief deemed appropriate by the Court.

### FOURTH CAUSE OF ACTION – ILLINOIS VIOLATIONS

143.    Plaintiffs incorporate the preceding paragraphs by reference.

144.    The IWPCA and IMWL require that workers employed in the state of Illinois be compensated for all hours worked in excess of 40 hours per week, at a rate not less than one and one-half (1 ½) times the usual hourly wage at which he is employed.

145.    USIC violated the IWPCA and IMWL by failing to pay Nerge and the Illinois Class Members at one and one-half times their usual rates of pay for hours they worked in Illinois in excess of 40 in any workweek.

146.    Accordingly, Nerge and the Illinois Class Members are entitled to unpaid overtime wages, plus reasonable counsel fees and costs, and any other relief deemed appropriate by the Court.

### FIFTH CAUSE OF ACTION – KENTUCKY VIOLATIONS

147.    Plaintiffs incorporate the preceding paragraphs by reference.

148.    The KPWWH requires that workers employed in the state of Kentucky be compensated for all hours worked in excess of 40 hours per week, at a rate not less than one and one-half (1 ½) times the usual hourly wage at which he is employed.

149.    USIC violated the KPWWH by failing to pay the Kentucky Class Members at one and one-half times their usual rates of pay for hours they worked in Kentucky in excess of 40 in any workweek.

150.    Accordingly, the Kentucky Class Members are entitled to unpaid overtime wages, plus reasonable counsel fees and costs, and any other relief deemed appropriate by the Court.

### SIXTH CAUSE OF ACTION – MARYLAND VIOLATIONS

151.    Plaintiffs incorporate the preceding paragraphs by reference.

152.    The MWHL and MWPCL require that workers employed in the State of Maryland be compensated for all hours worked in excess of 40 hours per week at a rate not

less than one and one-half (1 ½) times the usual hourly wage at which he is employed. *See* MWHL § 3-415.

153.    USIC violated the MWHL by failing to pay the Maryland Class Members at one and one-half times their usual rates of pay for hours they worked in Maryland in excess of 40 in any workweek.

154.    Accordingly, the Maryland Class Members are entitled to unpaid overtime wages, plus reasonable counsel fees and costs, and any other relief deemed appropriate by the Court.

**SEVENTH CAUSE OF ACTION – MASSACHUSETTS VIOLATIONS**

155.    Plaintiffs incorporate the preceding paragraphs by reference.

156.    The Massachusetts Wage Acts require that workers employed in the state of Massachusetts be compensated for all hours worked in excess of 40 hours per week, at a rate not less than one and one-half (1 ½) times the usual hourly wage at which he is employed.

157.    USIC violated the Massachusetts Wage Acts by failing to pay the Massachusetts Class Members at one and one-half times their usual rates of pay for hours they worked in Massachusetts in excess of 40 in any workweek.

158.    Accordingly, the Massachusetts Class Members are entitled to unpaid overtime wages, plus reasonable counsel fees and costs, and any other relief deemed appropriate by the Court.

**EIGHTH CAUSE OF ACTION – NEVADA VIOLATIONS**

159.    Plaintiffs incorporate the preceding paragraphs by reference.

160.    The Nevada Wage Laws require that workers employed in the state of Nevada be compensated for all hours worked in excess of 40 hours per week, at a rate not less than one and one-half (1 ½) times the usual hourly wage at which he is employed.

161.    USIC violated the Nevada Wage Laws by failing to pay the Nevada Class Members at one and one-half times their usual rates of pay for hours they worked in Nevada in excess of 40 in any workweek.

162.    Accordingly, the Nevada Class Members are entitled to unpaid overtime wages, plus reasonable counsel fees and costs, and any other relief deemed appropriate by the Court.

### NINTH CAUSE OF ACTION – NEW JERSEY VIOLATIONS

163.    Plaintiffs incorporate the preceding paragraphs by reference.

164.    The NJLWCL requires that workers employed in the state of New Jersey be compensated for all hours worked in excess of 40 hours per week, at a rate not less than one and one-half (1 ½) times the usual hourly wage at which he is employed.

165.    USIC violated the New Jersey Laws by failing to pay the New Jersey Class Members at one and one-half times their usual rates of pay for hours they worked in New Jersey in excess of 40 in any workweek.

166.    Accordingly, the New Jersey Class Members are entitled to unpaid overtime wages, plus reasonable counsel fees and costs, and any other relief deemed appropriate by the Court.

### TENTH CAUSE OF ACTION – NEW MEXICO VIOLATIONS

167.    Plaintiffs incorporate the preceding paragraphs by reference.

168.    Plaintiffs bring this claim under the NMMWA as a Rule 23 class action.

169. The conduct alleged violates the NMMWA (NMSA § 50-4-22).

170. At all relevant times, USIC was subject to the requirements of the NMMWA.

171. At all relevant times, USIC employed each member of the New Mexico Class as an "employee" within the meaning of the NMMWA.

172. The NMMWA required USIC to pay its employees at 1 and ½ times the regular rate of pay for hours worked in excess of 40 hours in any one week.

173. Each member of the New Mexico Class are entitled to overtime pay under the NMMWA.

174. USIC had a policy and practice of failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

175. Each member of the New Mexico Class seek unpaid overtime in amount equal to 1 and ½ times their regular rates of pay for hours worked in excess of 40 in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

176. Each member of the New Mexico Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by USIC, as provided by the NMMWA.

177. The improper pay practices at issue were part of a continuing course of conduct, entitling New Mexico Class Members to recover for all such violations, regardless of the date they occurred.

## ELEVENTH CAUSE OF ACTION – NEW YORK VIOLATIONS

178. Plaintiffs incorporate the preceding paragraphs by reference.

179.    The overtime provisions of the NYLL and its supporting regulations applies to USIC and protects the New York Class.

180.    USIC failed to pay O'Donnell and the New York Class the premium overtime wages to which they were entitled under the NYLL—at a rate of 1.5 times their regular rate of pay—for all hours worked beyond 40 per workweek.

181.    Through its knowing or intentional failure to pay O'Donnell and the New York Class the appropriate overtime wages for hours worked in excess of 40 hours per workweek, USIC willfully violated the NYLL, Article 19, § 650 et seq., and supporting New York State Department of Labor regulations.

182.    USIC failed to comply with wage notice and wage payment requirements as required by the NYLL.

183.    Due to USIC's violations of the NYLL, the New York Class Members are entitled to recover from USIC its unpaid overtime wages, liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the NYLL.

## TWELFTH CAUSE OF ACTION – OHIO VIOLATIONS

184.    Plaintiffs incorporate the preceding paragraphs by reference.

185.    The conduct alleged violates the OMFWS (O.R.C. §§4111).

186.    At all relevant times, USIC was and is subject to the requirements of the OMFWS.

187.    At all relevant times, USIC employed each Ohio Class Member as an "employee" within the meaning of the OMFWS.

188.    The OMFWS requires employers like USIC to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. The Ohio Class Members are entitled to overtime pay under the OMFWS.

189.    USIC failed to pay each member of the Ohio Class for all hours worked and failed to pay these workers for all overtime hours worked in excess of 40 hours per workweek.

190.    The Ohio Class Members seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

191.    The Ohio Class Members also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by USIC, as provided by the OMFWS.

**THIRTEENTH CAUSE OF ACTION – OREGON VIOLATIONS**

192.    Plaintiffs incorporate the preceding paragraphs by reference.

193.    Pursuant to Oregon Revised Statutes § 653.261 and Oregon Administrative Code 839-020-030, USIC was required to pay the Oregon Class Members one and one-half times their regular rate of pay for all hours worked in excess of 40 in a given workweek but willfully failed to do so.

194.    USIC violated the Oregon Wage Laws by failing to pay the Oregon Members at one and one-half times their usual rates of pay for hours they worked in Oregon in excess of 40 in any workweek.

195.    Accordingly, the Oregon Class Members are entitled to collect the difference between their received wages and the overtime due, for each workweek over the past three

years, together with 30 days of statutory penalty wages provided by Oregon Revised Statutes §§ 653.055, 652.150, attorney fees, costs, and pre- and post-judgment interest.

### FOURTEENTH CAUSE OF ACTION – PENNSYLVANIA VIOLATIONS

196.    Plaintiffs incorporate the preceding paragraphs by reference.

197.    Plaintiffs bring this claim under the PMWA as a Rule 23 class action.

198.    The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

199.    At all relevant times, USIC was subject to the requirements of the PMWA.

200.    At all relevant times, USIC employed each Class Member with Pennsylvania state law claims as an "employee" within the meaning of the PMWA.

201.    The PMWA requires employers like USIC to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 hours in any one week.  each member of the Pennsylvania Class is entitled to overtime pay under the PMWA.

202.    USIC had a policy and practice of failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

203.    Each member of the Pennsylvania Class seeks unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

204.    Each member of the Pennsylvania Class also seeks recovery of attorneys' fees, costs, and expenses of this action, to be paid by USIC, as provided by the PMWA.

### FIFTEENTH CAUSE OF ACTION – WASHINGTON VIOLATIONS

205.    Plaintiffs incorporate the preceding paragraphs by reference.

24

206.    The Washington Wage Laws require that workers employed in the state of Washington be compensated for all hours worked in excess of 40 hours per week, at a rate not less than one and one-half (1 ½) times the usual hourly wage at which he is employed.

207.    USIC violated the Washington Wage Laws by failing to pay the Washington Class Members at one and one-half times their usual rates of pay for hours they worked in Washington in excess of 40 in any workweek.

208.    Accordingly, the Washington Class Members are entitled to unpaid overtime wages, plus reasonable counsel fees and costs, and any other relief deemed appropriate by the Court.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

209.    Plaintiffs incorporate all previous paragraphs and alleges that the illegal pay practices USIC imposed on Plaintiffs were likewise imposed on the Putative Class Members.

210.    Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and State Law Claims.

211.    Numerous other individuals who worked with Plaintiffs indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by the FLSA and State Law Claims.

212.    The state classes all contain more than 50 employees.

213.    Based on their experiences and tenure with USIC, Plaintiffs aware that USIC's illegal off the clock pay practices were imposed on the Putative Class Members.

214.    The Putative Class Members were all not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

215.    USIC's failure to pay wages and overtime compensation at the rates required by the various state laws result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

216.    Plaintiffs' experiences are therefore typical of the experiences of the Putative Class Members.

217.    The specific job titles or precise job locations of the Putative Class Members do not prevent class treatment.

218.    Plaintiffs have no interests contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Plaintiffs have an interest in obtaining the unpaid overtime wages owed to them under the FLSA and State Law Claims.

219.    A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

220.    Absent this class and collective action, many Putative Class Members likely will not obtain redress of their injuries and USIC will reap the unjust benefits of violating the FLSA and State Law Claims.

221.    Furthermore, even if some of the Putative Class Members could afford individual litigation against USIC, it would be unduly burdensome to the judicial system.

222.    Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the Putative Class and provide for judicial consistency.

223.    The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a.    Whether USIC employed Plaintiffs the Putative Class Members within the meaning of the FLSA;

    b.    Whether USIC employed Plaintiffs and the Putative Class Members within the meaning of the State Law Claims;

    c.    Whether Plaintiffs and the Putative Class Members worked off the clock because of USIC's corporate policies;

    d.    Whether USIC excluded earnings from overtime payment calculations of Plaintiffs and the Putative Class Members;

    e.    Whether USIC issued wage notices to Plaintiffs and the Putative Class Members as required by the State Law Claims;

    f.    Whether USIC's decision to not pay time and a half for overtime for all hours worked by the Putative Class Members was made in good faith;

    g.    Whether USIC's violation of the FLSA and state laws was willful; and

    h.    Whether USIC's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

224.    Plaintiffs' claims are typical of the claims of the Putative Class Members. Plaintiffs and the Putative Class Members sustained damages arising out of USIC's illegal and uniform compensation policies.

225.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

226.    Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

### PRAYER

227.    Plaintiffs pray for relief as follows:

a.    An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all FLSA Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.    Class certification of all State Law Claims under Federal Rule of Civil Procedure 23;

c.    Appointing Plaintiffs' Counsel as Class Counsel;

d.    For an Order pursuant to the state laws finding USIC liable for unpaid back wages due to Plaintiffs and the Putative Class Members and for all liquidated damages equal in amount to their unpaid compensation;

e.    For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

f.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

By: */s/ Andrew W. Dunlap*
**Michael A. Josephson**
Fed. ID No. 27157
State Bar No. 24014780
**Andrew W. Dunlap**
Fed. ID No. 1093163
State Bar No. 24078444
**Richard M. Schreiber**
Fed. ID No. 705430
State Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
adunlap@mybackwages.com
mjosephson@mybackwages.com
rschreiber@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Fed. Id. 21615
State Bar No. 24001807
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**